UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HILLARY BRODY,

       Plaintiff,

                                Case No. 20-11663

v.

                                Hon. George Caram Steeh

CULTURESOURCE,
COSTAFF H.R. SERVICES, INC.,
and WILLIAM OMARI RUSH,

       Defendants.

_____/

ORDER DENYING MOTION TO
COMPEL ARBITRATION (ECF NO. 14)

     Defendants CultureSource, CoStaff H.R. Services, Inc., and William

Omari Rush seek an order compelling Plaintiff to arbitrate her employment

claims. Because Plaintiff did not knowingly and voluntarily agree to waive

her right to a judicial forum, the court will deny Defendants' motion.

BACKGROUND FACTS

     Plaintiff Hillary Brody began working for CultureSource as an

independent contractor in 2015. Her title was Marketing and

Communications Manager and her duties included publishing newsletters,

writing articles, and managing CultureSource's social media accounts. In

April 2016, Brody was re-classified as an employee. At that time, she electronically filled out a two-page employment application.

The application was generated by CoStaff HR Services, which provides human resources services to CultureSource. CoStaff sent Brody an email, which contained a link to the application and a PIN number unique to her. ECF No. 20-1 at PageID 340-41. Brody filled in the boxes of the application with her biographical information, including her employment history and educational background. ECF No. 14-3. Below the "education" section was a box containing several paragraphs of "Terms and Conditions," including a paragraph entitled "Arbitration and Enforcement." *Id.* This paragraph reads as follows: "It is agreed that arbitration shall be the mechanism for bringing a legal claim against the Company and/or the Client for matters relating to employment discipline and/or termination. Arbitration must be commenced within one (1) year of the date the claim arises." *Id.* Below the "Terms and Conditions" box is the following statement: "I have read each section of the Agreement and I accept the terms and conditions described." *Id.* In order to submit the application, Brody clicked a "Validate" button that appeared at the end. ECF No. 20-1 at PageID 342-43. This process created a digital signature, with the date and IP address. *Id.*; ECF No. 14-3 at PageID 224. Brody attests, however, that

-2-

she never saw the "Terms and Conditions" on her computer screen when she filled out the application, nor did she receive a hard copy. ECF No. 19-2 at PageID 311.

After submitting her application, Brody continued to work for CultureSource, taking on increasing responsibilities and receiving promotions. In 2019, her job title was Director of External Relations and her duties included marketing and communications, website and social media management, community partnerships, and grant writing.

In July 2019, CultureSource and CoStaff implemented a new employee handbook, which included an amended medical leave policy. Under the new leave policy, employees could take unpaid medical leave, but would be responsible for the full cost of their health insurance during that time. Newly pregnant, Brody discussed the new policy with her supervisor, William Rush, and relayed her concern that the policy disproportionately impacted pregnant women and others who would be required to pay for their health insurance at a time when they were on unpaid leave. Brody alleges that Rush treated her differently after that meeting and their prior positive working relationship deteriorated.

On August 28, 2019, Rush informed Brody that her position was being eliminated effective immediately. He told her that she "does too

much" and that he wanted to create new positions that were "laser focused" in specific areas. Brody asserts that the specific areas for which Rush wanted to create new positions were part of her responsibilities for years and that she never received negative feedback regarding her performance. Rush had Brody immediately pack up her office. She was not invited to apply for the new positions Rush created. After her discharge, her job duties were distributed to other employees, including two new hires.

Brody filed a ten-count complaint against CultureSource, CoStaff, and Rush, alleging retaliation and discrimination claims in violation of Title VII, the Elliott-Larsen Civil Rights Act, the Americans with Disabilities Act, the Persons with Disabilities Civil Rights Act, and the Family and Medical Leave Act. Brody also alleges breach of contract, unjust enrichment, and a violation of COBRA. Defendants argue that the court should dismiss her claims in favor of arbitration, based upon the arbitration clause in her employment application.

## LAW AND ANALYSIS

Under the Federal Arbitration Act, a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. § 2. The FAA allows the court to enforce an arbitration agreement by staying an

action and compelling arbitration. 9 U.S.C. §§ 3, 4. Parties may agree to submit statutory claims, including employment discrimination claims, to arbitration. *See Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 377 (6th Cir. 2005).

"Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Hergenreder v. Bickford Senior Living Grp., LLC*, 656 F.3d 411, 416 (6th Cir. 2011) (citation omitted). In determining the enforceability of an arbitration agreement, the court looks to the applicable state law of contract formation. *Id.* "The elements of a valid contract in Michigan are: '(1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation.'" *Id.* at 417 (quoting *Hess v. Cannon Twp.,* 265 Mich. App. 582, 696 N.W.2d 742, 748 (2005)). "In order to show that the validity of the agreement is 'in issue,' the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate." *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002).

-5-

Brody challenges the validity of the arbitration agreement, arguing that she did not agree to arbitrate and that the agreement lacks consideration. She asserts that she never saw the terms and conditions containing the arbitration clause on her computer screen when she filled out her employment application. According to the CoStaff representative who oversees the process, the terms and conditions appear directly below the biographical information that Brody inserted and directly above the "validate" button that she had to click to proceed. ECF No. 20-1. Clicking on the "validate" button produced an electronic signature unique to Brody, which is a legally valid method of demonstrating assent. *See* M.C.L. §§ 450.837, 450.832(h).[1] In light of this evidence, Brody's blanket denial is insufficient to show that she did not assent. *See Brown v. Heartland Employment Servs*., *LLC*, 2020 WL 2542009, at *4 (E.D. Mich. May 19, 2020) (employee's declaration that she did not see or did not remember electronically signing arbitration agreement "fails to place the validity of the contract at issue"); *Mitchell v. Cambridge Franchise Holdings, LLC*, 433 F. Supp. 3d 1064, 1070 (W.D. Ky. 2020) ("In a case like this, where

---

[1] Michigan has adopted the Uniform Electronic Transactions Act, which provides that a "record or signature shall not be denied legal effect or enforceability solely because it is in electronic form." M.C.L. § 450.837. *See also* M.C.L. § 450.832(h) (defining electronic signature as "an electronic sound, symbol, or process attached to or logically associated with a record and executed or adopted by a person with the intent to sign the record").

Defendants have provided such significant evidence of the validity of the Agreement, Plaintiff must offer more than her own unsubstantiated denial to create a genuine triable issue of fact."); *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002) ("Just as in summary judgment proceedings, a party cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration rests; the party must identify specific evidence in the record demonstrating a material factual dispute for trial.").

Brody also argues that the agreement lacks consideration because it requires her to arbitrate claims against the company, but does not require the company to arbitrate claims it may have against her. Under Michigan law, "[t]he enforceability of a contract depends, however, on consideration and not mutuality of obligation." *Timko v. Oakwood Custom Coating, Inc.*, 244 Mich. App. 234, 244 (2001) (quoting *Toussaint v. Blue Cross & Blue Shield of Michigan*, 408 Mich. 579, 600 (1980)). Michigan courts have held that the terms of an employment application are part of an employee's and employer's contract for employment, and that those terms are supported by consideration in the form of "employment and wages." *Id.* (enforcing limitations period contained in employment application). Thus, under Michigan law, the arbitration clause was supported by consideration. "If the requirement of consideration is met, there is no additional requirement of

. . . 'mutuality of obligation.'" *Hall v. Small*, 267 Mich. App. 330, 334 (2005) (quoting 1 Restatement 2d § 79).

Even when a valid arbitration agreement exists, the court must consider whether the agreement suffices to operate as a knowing and voluntary waiver of Plaintiff's right to a jury trial under the Seventh Amendment. *Hergenreder*, 656 F.3d at 420-21 (citing *Morrison v. Circuit City Stores, Inc.,* 317 F.3d 646, 668 (6th Cir. 2003) (en banc)). This question is governed by federal law. *Id.* In determining whether a waiver of the right to a jury trial is knowing and voluntary, the court considers the following factors:  "(1) plaintiff's experience, background, and education; (2) the amount of time the plaintiff had to consider whether to sign the waiver, including whether the employee had an opportunity to consult with a lawyer; (3) the clarity of the waiver; (4) consideration for the waiver; as well as (5) the totality of the circumstances." *Morrison*, 317 F.3d at 668.

In *Morrison*, the Sixth Circuit found that the plaintiff knowingly and voluntarily waived her right to pursue employment claims in federal court. *Id.* The plaintiff was a highly educated, managerial employee who did not allege that she did not understand the arbitration agreement, which called for final and binding arbitration. The court found the waiver to be "plain" and noted that the plaintiff had three days to consider the agreement, which

-8-

advised her that she may want to consult an attorney before signing it. *See also Seawright v. Am. Gen. Fin. Servs., Inc*., 507 F.3d 967, 974 (6th Cir. 2007) (finding knowing and voluntary waiver when employee was educated, the waiver clearly informed her that the program was "instead of the court system," the program was explained in meetings with employees, and she had two months to consider it); *Tillman v. Macy's, Inc.*, 735 F.3d 453, 460-62 (6th Cir. 2013) (upholding waiver when arbitration plan documents provided for "final and binding" arbitration that "replaces any right you may have to go to court" and gave employee over a year to opt out); *cf. Walker*, 400 F.3d at 377 (no waiver when applicants for low-wage restaurant jobs were hurried through signing process and were at a "disadvantage" in understanding the waiver's "legalistic terminology").

Plaintiff is well-educated, with a bachelor's degree in American history and a master's degree in art history. She states, however, that she is unfamiliar with arbitration as a substitute for court and did not know that a person who agrees to arbitration gives up their right to a jury trial. ECF No. 19-2 at PageID 311. Defendants argue that she had time to consider the waiver, because she could have paused her application at any time without losing her work. However, the context in which the arbitration clause was presented would not necessarily have alerted Plaintiff that she should take

time to consider it or consult with counsel. She filled out an electronic employment application containing a one-sentence arbitration clause. The clause does not indicate that Plaintiff is waiving legal rights and lacks clarity regarding the process to which Plaintiff is agreeing. For example, the arbitration clause does not convey that arbitration is the exclusive or binding mechanism for asserting a claim against the company or that it is a substitute for filing a case in court. *See generally Dow Corning Corp. v. Safety Nat'l Cas. Corp.*, 335 F.3d 742, 745 (8th Cir. 2003) ("Parties intending binding arbitration should say so explicitly in the agreement to arbitrate, either by providing that the arbitration award will be 'final and binding,' or words to that effect, or by incorporating by reference the rules of the American Arbitration Association or a similar arbitral body that expressly provide for binding arbitration."). The clause does not specify or reference the rules or procedures by which arbitration will be conducted, such as those issued by the American Arbitration Association or JAMS. Plaintiff did not receive a hard copy of the terms and conditions contained in the application, nor did she receive any further information regarding arbitration during her employment, such as a written policy or handbook.

The waiver's lack of clarity weighs in favor of declining enforcement; the clause does not alert even a well-educated applicant that arbitration is a

substitute for (as opposed to a supplement to) court. *See generally Lee v. Red Lobster Inns of Am., Inc.*, 92 Fed. Appx. 158, 161 n.3 (6th Cir. 2004) ("An arbitration agreement can call for binding or non-binding arbitration. A party waives its right to pursue a claim in court only by agreeing to binding arbitration."). Although an arbitration clause need not contain express language waiving the right to a jury trial,[2] it should sufficiently inform the employee that she is waiving her rights. For example, courts have found that language calling for "binding" "final" and/or "exclusive" arbitration does so. The arbitration clause here does not contain such language or the equivalent. *See, e.g., Garnick v. Interstate Batteries, Inc.*, 2018 WL 1315803, at *8 (E.D. Mich. Mar. 14, 2018) (finding clear waiver when dispute resolution program was "sole and exclusive" method of resolving disputes, arbitration was "final and binding," and agreement stated "there is no jury"); *Cunningham v. Henry Ford Health Sys.*, 2017 WL 5564599, at *3 (E.D. Mich. Nov. 20, 2017) (finding clear waiver when arbitration clause provided that "both parties understand and agree that they are waiving their rights to have covered claims decided in a court of law before a judge or

---

[2] The Sixth Circuit has "flatly rejected" the argument that an arbitration agreement must contain an express jury waiver, because "the loss of the right to a jury trial is a necessary and fairly obvious consequence of an agreement to arbitrate." *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 506 (6th Cir. 2004) (citations omitted). Nonetheless, the clarity of a waiver must be considered by the court in determining whether Plaintiff knowingly and voluntarily waived her right to a judicial forum. *Morrison*, 317 F.3d at 668.

jury"); *Bryant v. Blue Care Network of Michigan*, 2009 WL 10680382, at *4
(E.D. Mich. Jan. 30, 2009) (finding clear waiver when arbitration clause
provided for "exclusive, final, and binding" arbitration); *AT&T Mobility
Servs., LLC v. Boyd*, 2020 WL 6203831 (N.D. Ohio Oct. 22, 2020) (clear
waiver when "any dispute to which this Agreement applies will be decided
by final and binding arbitration instead of court litigation").

Further, Plaintiff cannot be said to knowingly and voluntarily agree to
waive her right to a judicial forum without receiving any information about
the process that is taking its place. In *Alonso v. Huron Valley Ambulance
Inc.*, 375 Fed. Appx. 487, 494 (6th Cir. 2010), the Sixth Circuit declined to
enforce an agreement in an employment application requiring the
submission of claims to a "Grievance Review Board." The employees were
not given information about this process until after they were hired. The
court noted that employees "cannot be said to have knowingly and
voluntarily waived their right to a judicial forum when they were not
informed of the alternative procedures until a month after they began
working." *Id.*; *see also Williams v. Serra Chevrolet Auto., LLC*, 2013 WL
183942, at *3 (E.D. Mich. Jan. 17, 2013) ("Plaintiff cannot be said to have
knowingly and voluntarily waived her right to a judicial forum when she was
never informed of Defendant's arbitration rules or process at any time

during her employment."). *Cf. Brown v. Heartland Employment Servs., LLC*, 2020 WL 2542009 (E.D. Mich. May 19, 2020) (waiver upheld where employee completed informational slide presentation regarding employer's arbitration policy online).

The totality of the circumstances weigh against enforcement of the waiver. Brody assented to a one-line arbitration clause in her employment application that does not clearly preclude bringing a claim in court.[3] After filling out the employment application, Brody received no further information or explanation regarding the dispute resolution process. Under the circumstances, Brody did not knowingly and voluntarily waive her right to a judicial forum for her federal statutory claims.

As for her state statutory claims, Michigan law provides that "[p]redispute agreements to arbitrate statutory employment discrimination claims are valid as long as the employee does not waive any rights or remedies under the statute and the arbitral process is fair." *Rembert v. Ryan's Family Steak Houses, Inc.*, 235 Mich. App. 118, 165-66 (1999). These fairness requirements include "[c]lear notice to the employee that he is waiving the right to adjudicate discrimination claims in a judicial forum

---

[3] The arbitration clause makes no mention of whether a court may enter judgment on the award. A court may do so only "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award . . . ." 9 U.S.C.A. § 9.

and opting instead to arbitrate these claims." *Id.* at 161. As discussed above, the arbitration clause here did not provide clear notice to Brody that she was waiving her right to a judicial forum.

Brody also asserts non-statutory claims for breach of contract and unjust enrichment, which are not subject to the same waiver analysis. *See Stutler v. T.K. Constructors Inc.*, 448 F.3d 343, 345 (6th Cir. 2006) (limiting jury waiver analysis to "the validity of arbitration clauses in employment agreements where an employee's statutorily created federal civil rights are at issue"). However, these claims are outside the scope of the arbitration clause, which calls for "arbitration . . . for matters relating to employment discipline and/or termination." Brody's unjust enrichment and breach of contract claims are based upon allegations that Defendants failed to give her a promised pay raise, which does not relate to employee discipline or termination.

<u>CONCLUSION</u>

The arbitration clause in this case is unique in its failure to inform the employee about the process to which she is submitting. The court's research has not revealed another case in which a similarly skeletal arbitration clause has been enforced to require arbitration of employment claims.

-14-

For these reasons, the court declines to compel Brody to arbitrate her claims. IT IS HEREBY ORDERED that Defendants' motion to compel arbitration (ECF No. 14) is DENIED.

Dated: November 9, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 9, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---